Horace J. Adams & another *vs.* Hugh Cummiskey.

A writ of *scire facias* cannot be lawfully issued, under the Rev. Sts. *c.* 109, § 38, against a trustee, before his default is shown by the officer's return on the execu tion against him; but a return of the execution, before the return day, will not authorize the issuing of such writ.

The words "within sixty days," in the direction to return an execution issued by a justice of the peace, mean the same as "in sixty days," or "at the end of sixty days."

The facts of this case are fully exhibited in the opinion of the court.

*A. W. Farr*, for the plaintiffs.

*T. Wentworth*, for the defendant.

Metcalf, J. This is a writ of *scire facias*, originally returnable to a justice of the peace, and brought into this court by an appeal from the court of common pleas. The facts, on which the case is submitted to our decision, have been agreed upon by the parties, and are as follows : —

The plaintiffs brought an action, before a justice of the peace, against Patrick Croker, and summoned the present defendant as Croker's trustee. On the 6th of June, 1846, Croker and the defendant were defaulted in that action, and judgment was rendered for the plaintiffs. On the 8th of said June, a writ of execution, in the form prescribed for such cases, was issued and delivered to an officer, who, on the 20th of said June, returned it wholly unsatisfied. In his return, he stated that, by virtue of said execution, he had made demand on the defendant, and that the defendant had re-

fused to deliver or pay to him any goods, effects or credits of said Croker; and that he had also made diligent search for said Croker, and for his goods and chattels wherewith to satisfy said execution, and could not find either. Two days afterwards, to wit, on the 22d of June, 1846, the plaintiffs sued out this writ.

On these facts, the parties have agreed, that " if the execution was properly returned, so as to lay the foundation for a writ of *scire facias,* upon the Rev. Sts. *c.* 109, § 38, the plaintiffs are to have judgment for the amount of the debt and costs recovered against Croker; if not, they are to become nonsuit."

The provision in the Rev. Sts. *c.* 109, § 38, to which the parties have referred, is thus: " If any person, who is adjudged a trustee in the original suit, shall not pay over to the officer, upon demand, goods, effects or credits, sufficient to satisfy the execution, and if the execution is not otherwise satisfied, the plaintiff may sue out a writ of *scire facias* against the trustee, from the same court in which judgment was rendered, to show cause why judgment and execution should not be awarded against him and his own goods and estate for the sum remaining unsatisfied on the judgment against the principal defendant." This section does not, in terms, require that the execution shall be returned before the plaintiffs can sue out a writ of *scire facias.* But a return of the execution was required by *St.* 1794, *c.* 65, § 6, (of which the section now in question was a revision,) in order to warrant the issuing of such writ. The provision in that statute was in these words: " When any execution, issued as aforesaid, *shall be returned not fully satisfied,* by reason of the trustee not discovering and exposing sufficient goods, effects or credits of the principal, or by reason of the officer's not finding sufficient goods or estate of the principal, to the acceptance of the plaintiff, to satisfy the same, the plaintiff may sue out, against the trustees named in such writ of execution, a writ or writs of *scire facias,*" &c. And we are of opinion that this provision is not so altered by the Rev. Sts. *c.* 109, § 38, that a writ of *scire facias* can lawfully issue

against a trustee, before his default is shown by the officer's return on the execution. We are also of opinion that the officer's return of the trustee's default, before the return day of the execution, will not authorize the issuing of such writ. We cannot distinguish this case, in principle, from that of a writ of *scire facias* against bail. By the Rev. Sts. *c.* 91, § 5, " in case of the avoidance of the principal, and the return on the execution, that he is not found, his bail shall be obliged to satisfy the judgment," " unless he shall discharge himself, by surrendering the principal before final judgment against him on the writ of *scire facias.*" But it has been decided, that bail cannot be charged for the avoidance of the principal, by a return of *non est inventus* before the return day of the execution ; because the bail have a right, at any time, during the life of the execution, to surrender the principal, and exonerate themselves from liability to a writ of *scire facias. Niles* v. *Field,* 2 Met. 327 ; *Rowland* v. *Seymour,* 2 Met. 590. In the first of these cases, it was said by the court, that although the Rev. Sts. *c.* 91, § 5, do " not say, in terms, that bail shall not be liable before the return day, we think the law assumes that the writ [of execution] will be returned at the time when by law, and the precept of the writ itself, it is made returnable." We have no doubt that the law assumes the same thing, in the case of an execution against a principal and trustee, and that the trustee cannot be held liable to a *scire facias* before the return day ; because the execution may be " otherwise satisfied," at any time whilst it remains in force, although he has refused to pay over to the officer goods, effects or credits sufficient to satisfy it.

But the plaintiffs contend, that though on an execution awarded by this court, or by the court of common pleas, the officer cannot, before the return day thereof, make a return of a trustee's refusal to pay, which will warrant the suing out of a *scire facias,* yet that an execution, which is issued by a justice of the peace, may legally be returned at any time within sixty days from its date, so as to give to the judgment creditor all the rights which he would acquire by its return on the sixtieth day. In support of this view of

the law, the plaintiffs rely on the Rev. Sts. *c.* 97, § 9, which provide that " all executions, issued by a justice of the peace, shall be made returnable *within* sixty days from the date thereof; and all executions from the supreme judicial court shall be made returnable *in* six months from their date, and all executions from the court of common pleas, *in* three months from their date, unless," &c.

In order to learn whether the words "within sixty days" authorize the return of a justice's execution before the six- tieth day, whilst the words " in six months," and " in three months," do not authorize the return of other executions until the end of the months, it may be well to examine the previous legislation on this subject. By the provincial stat- utes of 13 Wm. 3, *c.* 12, 13, 14, prescribing the forms of writs, executions issued by a justice of the peace were made returnable "within sixty days next coming," and executions from the higher courts were made returnable at the next term By *St.* 3 Geo. 3, *c.* 7, all executions on judgments issued from the court of common pleas, in counties where the court was held twice only in the year, were made returnable "within three months from the date thereof." By *St.* 1783, *c.* 57, § 1, it was directed that executions issued by a justice of the peace should be made returnable " within sixty days from the day of issuing them." Executions from the court of common pleas, when not returnable to the next court, were to be made returnable "within three months;" and execu- tions from the supreme judicial court, when not returnable to the next court, were to be made returnable " at the end of six months." Afterwards the *St.* of 1784, *c.* 28, was passed, " prescribing forms of writs in civil causes." In the form of a justice's execution there prescribed, the officer is directed to make return thereof " within sixty days next coming," as in the *St.* of 13 Wm. 3, *c.* 14. And such, so far as we know, is the form in which these executions have been made, from the year 1701 to the present time. But in the forms pre- scribed, by *St.* 1784, for executions issued by the court of common pleas and the supreme judicial court, the time of the return was not mentioned The officer was merely

directed to "make return of this writ." Thus, by the form prescribed in that statute, these executions were not "made returnable" conformably to the directions of the previous *St.* of 1783, *c.* 57. This was soon discovered; and it was enacted, by *St.* 1784, *c.* 59, that all executions, issued upon any judgments in civil causes, should be made returnable at such times as were provided by the several laws of this commonwealth, any thing in the form prescribed by *St.* 1784, *c.* 28, to the contrary notwithstanding; and that the time and place, when and where such executions should be returnable, should be expressed therein. Since the 1st of May, 1785, executions from this court and the court of common pleas have been so made as to conform to the *St.* of 1784, *c.* 59.

From an examination of these various statute provisions, and from our knowledge of the practice under them, we are of opinion that there is not, and never has been, any difference in the legal effect of the different words used to prescribe the times of returning executions; and that "within,' "at the end of," and' 'in" a certain number of days or months, have the same meaning. By *St.* 1783, *c.* 57, as we have seen, executions from the court of common pleas were to be made returnable "*within* three months." Yet it was said by Parsons, C. J., in *Prescott* v. *Wright*, 6 Mass. 22, that these executions were, by that statute, made returnable *in* three months, and were executable at any time on the last day of the three months; thus showing that he knew no difference, in this matter, between the effect of the words "in" and "within" three months. And in the case of a justice's execution, we are of opinion that the words which direct a return thereof "within sixty days," have the same meaning as if they were "in sixty days," or "at the end of' sixty days.                    *Plaintiffs nonsuit.*